NATAL v. BARTOLOMEY ET AL.

APPEAL from the District Court of Ponce.

No. 251.—Decided May 29, 1908.

DAMAGES AND LOSSES—SECTION 1803 OF THE CIVIL CODE.—Where a workman de-
mands payment for damages and injuries caused by a builder employed by
the defendant, he must show the relation of master and servant between the
builder and the defendant before he can recover damages.

ID.—SERVANT—MEANING THEREOF.—The fact that the builder sometimes paid the
wages of the workmen not employed on the building being constructed where
the accident occurred, but upon the plantation, does not establish the relation
of master and servant, as required by paragraph 4 of article 1804 of the
Revised Civil Code.

CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.—Fault or negligence is the basis
of the obligation where between it and the damage the relation of cause and
effect exist; but if the injury caused arises from acts or omissions of a third
person, the defendant is not bound to make reparation therefor, and especially
when the proximate cause of the damage sustained is the imprudence and
recklessness of the injured party.

The facts are stated in the opinion.

*Messrs. Boerman and Llorens* for appellant.

*Mr. Sepúlveda* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This case originated in the District Court of Ponce with
the following complaint:

"The plaintiff, Roman Natal, files a complaint against Francisco
Bartolomey and Salamon Bartolomey, and alleges:

"*First.* That in the month of October, 1906, the plaintiff, who is a
carpenter by trade, was employed by the defendants as master work-
man for the construction of a building on their estate in *barrio* Col-
lores. That on or about the 25th of October of said year the plaintiff
was working on and adjusting a section to place it on the second story
and while standing on the first story, which is a yard and a half
high more or less, Clemente Bartolomey, the overseer and agent of the
defendants, while inspecting the work, jumped to the place where the
plaintiff was working and, grasping a section which served as a prop,
let it fall on the forehead of the plaintiff causing him grave injuries;
that the act was due to the negligence of the agent of the defendants

and without any negligence on the part of the plaintiff. That the defendants were notified within 15 days.

"*Second*. That as a consequence of the act referred to the plaintiff gradually grew worse and having become incapacitated for work, has been obliged to undergo two operations, thereby losing his frontal bone. That up to date he has been obliged to incur an expense of 500 *pesos* in the treatment of his illness.

"*Third*. That the plaintiff earned 1.50 *pesos* a day at his trade as as a builder, and that now, owing to the aforesaid injuries, he. cannot earn anything to support himself.

"For which reason the plaintiff prays the court that judgment in the sum of 10,000 *pesos* be rendered in his favor and against the defendants, for damages suffered by him, with the costs of the proceeding against the defendants.

"Boerman and Llorens, Attorneys for Plaintiff."

The defendants denied in their answer the material facts of the complaint, attributing the injury suffered by the plaintiff to his inexcusable negligence and failure to employ the proper care and diligence in his work and by way of new matter of defense they alleged prescription.

The trial having been held and the evidence heard the Judge of the District Court of Ponce rendered judgment on December 10, 1907, which was entered on the same day, dismissing the complaint, with the costs against the plaintiff.

The plaintiff took an appeal from this judgment on December 21, 1907.

A statement of facts approved by the trial judge has been submitted.

The parties appeared in this Supreme Court and by briefs and oral arguments presented such allegations as were deemed pertinent to their respective rights.

It would seem from the complaint that the purpose was to base the action for damages upon the act approved March 1, 1901, in relation to the liability of employers to their employes for injuries sustained while in their service. But upon reading the prayer of the complaint this inference disappears, inasmuch as the amount claimed as damages is fixed at 10,000

*pesos*, while the aforesaid act only authorizes the plaintiff in such case to claim a sum not to exceed $2,000. (See section two of the act, or section 323 of the Revised Statutes.)

And this inference from the complaint is so natural that the trial judge assumes that it was only through error that 10,000 *pesos* could have been claimed as damages, and he considers and analyzes the claim as if covered by the said act and as if only $2,000 were claimed.

The appellant in his brief in this Supreme Court clearly says that his complaint is based on sections 1803 *et seq.* of the Civil Code, and as no incompatibility exists between the two laws and the Revised Civil Code is subsequent to the Employers' Liability Act, let us consider and decide this case in accordance with the code under which the appellant and plaintiff, Roman Natal, now raises the question.

The latter testified as a witness and said that while he was working as a builder on the construction of a frame house, Clemente Bartolomey, a son of the defendant Francisco, arrived, and, without asking him anything, jumped from the ground to the first floor, on which the boards had not yet been laid and the beams were in place but not yet nailed; that for this reason climbing up to said floor was an imprudent act; that he did not see Clemente come up; that when he did so he stood on one of the beams, which moved, and then, to save himself from falling, he grasped another beam which served as a prop and let it fall on the witness, who was sitting at work underneath the place where said prop stood, and caused him a serious injury; that Clemente Bartolomey sometimes paid the plaintiff his wages and those of the other laborers on the plantation; that the witness was the master workman in charge of the building under construction and that in addition he worked as a carpenter, and that Clemente Bartolomey had nothing to do with the work in question.

Witness Juan Serrano described the accident in the same manner as the plaintiff and also corroborates the statement that Clemente Bartolomey sometimes paid the wages of the

laborers of the estate, and adds that Natal was the master workman and superintendent of the building in course of construction, and that Clemente Bartolomey had nothing to do with said work.

The defendant, Simon Bartolomey, also testifies to the latter particular—namely, that Natal was the only person in charge of the work, and that his nephew was not employed on the estate nor had anything to do with the direction and superintendence of the building in question.

For the successful issue of this claim the plaintiff, according to the fourth paragraph of section 1804 of the Revised Civil Code, should have proved that Clemente Bartolomey, as an employe of the defendant, had caused the damage in rendering services on the frame building in course of construction or in connection with his duties, but, instead of proving this, the plaintiff himself in his testimony, corroborated by that of Juan Serrano, voluntarily and distinctly states that Clemente Bartolomey had nothing to do with the said work of which the plaintiff carpenter was the sole builder and superintendent. These explicit statements not being destroyed by the insinuation that he sometimes paid their wages to the workmen, not those on the building in course of construction where the accident occurred, but of the estate. This occasional payment of wages does not in itself convey the distinct idea of an employe to which the law refers in this case.

On the other hand, if the accident occurred as explained in his testimony by the interested person himself, Natal, it must be admitted that there was certain contributory negligence on his part, because had he nailed the beams and the prop in due time, or at least, had he put up a sign in some form calling attention to the danger of ascending to the first floor, Bartolomey would not have ascended nor, from the instinct of preservation, grasped at the prop to save himself from falling—a prop which in falling to the ground caused the injury to the superintendent of the work as the latter himself describes.

In accordance with the doctrine contained in article 1902 of the Spanish Civil Code, which is identical with section 1803 of the Civil Code in force, fault or negligence is the source of obligations when between it and the damage there exists the relation of cause and effect; but when the injury caused does not emanate from acts or omissions of a third person the obligation to repair it does not reach the latter, and much less so when the damage is immediately caused by the negligence of the injured person himself. (Opinion of the Supreme Court of Spain of March 7, 1902.)

And with regard to contributory negligence, see the case of *Hermenegildo Claudio* v. *José Cortínez,* in which the opinion was delivered by Mr. Justice MacLeary, 2 P. R. Rep., p. 506.

Prescription is alleged in the answer to the complaint, but the respondent himself referring to the complaint, states in his brief filed in this Supreme Court that Natal received the injury on October 25, 1906, and that the complaint was filed on October 12, 1907, and this being the case, the year for prescription, fixed by the second subdivision of section 1869 of the Revised Civil Code, had not elapsed.

Therefore, since it is not possible to connect the act in question with the duties of Clemente Bartolomey as an employe of the defendants and as it has not been shown that he had any intervention whatsoever in the work of the plaintiff, who, on the other hand, is not free from fault, it is evident that the judgment appealed from should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.